**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| GENE E. SALOIS,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMIAH PETERSEN,<br><br>Defendant. | CV 26-64-M-WMM<br><br>ORDER DISMISSING COMPLAINT |

Plaintiff Gene E. Salois ("Mr. Salois") filed a 42 U.S.C. § 1983 Complaint for Violation of Civil Rights ("Complaint") related to his detention at the Missoula County Detention Facility. (Doc. 2). The Complaint failed to state a claim upon which relief could be granted, but Mr. Salois was granted leave to amend. (Doc. 12). Mr. Salois filed an Amended Complaint, which also fails to state a claim and is, therefore, subject to dismissal. (Doc. 12).

The Court's prior Order is incorporated here. (Doc. 10). The Order advised Mr. Salois of the elements of a 42 U.S.C. § 1983 claim that he must allege in order to state a claim. On amendment, Mr. Salois lists over fifteen potential defendants and dozens of dates and times of various occurrences but still fails to allege sufficient plausible facts to state a claim for relief. Much of his Amended Complaint includes no allegations at all, just names, dates, and times, but when he does include some form of allegation, it includes things like "fast talk attitude,"

"heated phone conversation," or "FBI refused" his call, etc. (Doc. 12-1 at 3 - 7). Mr. Salois also includes a lengthy narrative about events in Idaho and prior entanglements with the law, in Missoula and elsewhere, none of which is relevant to these defendants. (Doc. 12-1 at 8-10). Mr. Salois does state "constant punishment and duress" on April 27, 2025, and "torture at head count" on June 13, 2025, but he fails to make any allegations that actually state who did what to violate his rights.

Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In this instance, Mr. Salois could not sufficiently amend his Amended Complaint to state a claim.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Mr. Salois's Amended Complaint is **DISMISSED** for failure to state a claim. (Doc. 12). The Clerk of Court is directed to close this matter and enter judgment.

2. The Clerk of Court shall have the docket reflect that this dismissal counts as a strike against Mr. Salois within the meaning of 28 U.S.C. § 1915. The Court certifies that appeal would not be taken in good faith.

DATED this 2nd day of September, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE